UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSIE CONNER,

        Plaintiff,                    Case No. 2:22-cv-11965

v.                                         Honorable F. Kay Behm

OFFICER MCLEOD, et al,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff Susie Conner, a Michigan prisoner presently confined at the Women's Huron Valley Complex in Ypsilanti Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted her leave to proceed without prepayment of the filing fee for this action. She names Michigan Department of Correction (MDOC) employees Correctional Officer McLeod, Inspector Nowak, Lt. Morris, Assistant Deputy Allen, Resident Unit Manager (RUM) Jackson, and Prison Counselor (PC) Bilesanmi as defendants. The complaint alleges that defendants failed to protect Plaintiff against a physical attack by an unrestrained inmate and violated numerous MDOC policy directives in the process. Plaintiff sues defendants in their individual and official capacities. She seeks compensatory damages and injunctive-type relief for her claims.

Having reviewed Plaintiff's complaint, the Court now dismisses it, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim.

## I.   FACTUAL ALLEGATIONS

Plaintiff alleges that on August 29, 2019 she reported to her assignment as a Prisoner Observation Aide—a program that monitors other prisoners who are under the care of mental health therapy.  Plaintiff alleges that during her assignment she observed inmate Sparks-Ross display aggressive and unstable behavior by beating on her cell door and screaming to "let her out."  According to Plaintiff, Officer McLeod unlocked Sparks-Ross's cell door, turned her back, and the walked down the hallway.  Plaintiff alleges that Officer McLeod was aware of Sparks-Ross's unstable behavior, but did not place Sparks-Ross in restraints.  Plaintiff alleges that Sparks-Ross exited her cell and immediately assaulted Plaintiff.  Another Prisoner Observation Aide attempted to assist Plaintiff in defending the attack.  Plaintiff alleges that Officers Kennedy, Maggason, and McLeod ran down the hallway toward Plaintiff and Sparks-Ross.  Once Sparks-Ross was placed in handcuffs, Lt. Morris, with the assistance of two other officers, escorted Sparks-Ross back to her cell. Plaintiff was provided a wheelchair and taken to a medical room where medical staff evaluated her injuries.  Plaintiff alleges that she sustained numerous lacerations to her face, injury to her left shoulder, and a concussion.

Plaintiff submitted a letter requesting that a complaint be filed with the

Michigan State Police regarding the assault. According to Plaintiff, Inspector Nowak informed her that he had filed a report with the Michigan State Police. However, Plaintiff alleges that the Michigan State Police provided a letter dated September 19, 2019 that confirmed no record of the assault existed. Plaintiff alleges that defendants Lt. Morris, Assistant Deputy Allen, and Inspector Nowak violated numerous MDOC policy directives and operating procedures by failing to file the report.

Plaintiff further alleges that on October 29, 2020, Sparks-Ross was moved to her unit, which placed Plaintiff at risk for a second assault and caused her to become more anxious, fearful, and depressed. Plaintiff complained that moving Sparks-Ross to her unit was a violation of MDOC policy. However, RUM Jackson informed Plaintiff that Sparks-Ross placement was proper because a Special Problem Offender Notice (SPON)—a notice that would ensure Plaintiff was not housed with inmates who pose a genuine threat to her safety—was not issued after the investigation concluded. Plaintiff alleges that the failure to issue a SPON violated of MDOC policy and constituted deliberate indifference to her safety. Plaintiff alleges that RUM Jackson acted with deliberate indifference when he placed Sparks-Ross in her unit and refused to move her out. Plaintiff further alleges that PC Bilesanmi knew that placing Sparks-Ross in Plaintiff's unit caused Plaintiff increased mental distress, but did not inform RUM Jackson.

3

Plaintiff claims that defendants acted with deliberate indifference to her safety and failed to protect against physical harm in violation of her Eighth and Fourteenth Amendment rights. She also claims that defendants violated numerous MDOC policies and procedures.

## II.     STANDARD OF REVIEW

Plaintiff has been granted *in forma pauperis* status. (ECF No. 4.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing

that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III. DISCUSSION

First, Plaintiff's numerous claims alleging violations of MDOC policies and procedures must be dismissed. Section 1983 provides a remedy for violations of

federal law, not prison policy. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-81 (6th Cir. 2007). Alleged violations of MDOC policy do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *Laney*, 501 F.3d at 581 n. 2; *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, *1 (6th Cir. April 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a constitutional violation because the Directive does not create a liberty interest protected by the Fourteenth Amendment's Due Process Clause); *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation."). Accordingly, Plaintiff's claims alleging violations of MDOC policies or procedures fail to state a claim upon which relief may be granted under § 1983.

Second, and in a similar vein, the Court dismisses defendants Inspector Nowak and Assistant Deputy Allen from the complaint because the claims against them are based entirely on their alleged violations of MDOC policy directives and procedures. Specifically, Plaintiff alleges that Inspector Nowak and Assistant Deputy Allen violated MDOC policy by failing to report the assault to the Michigan

State Police and initiate a SPON investigation and/or issue a SPON. Even if defendants' actions violated prison policy, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Moreover, to the extent Plaintiff is merely dissatisfied with defendants' investigation of the incident, she fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report). It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A prison official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For these reasons, Plaintiff fails to state a claim against defendants Nowak and Allen.

Third, Plaintiff's claims against Lt. Morris based on supervisory liability must be dismissed. As stated, a plaintiff must show the personal involvement of a defendant and liability cannot be based upon a theory of respondeat superior or vicarious liability. Monell, 436 U.S. at 691-92 (1978); *Everson*, 556 F.3d at 495. To

7

hold a supervisory official personally liable under § 1983, a plaintiff must demonstrate that the official actively engaged in some unconstitutional behavior. *See Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). Moreover, a supervisor's failure to act, without more, is insufficient to establish supervisory liability. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) ("[A] mere failure to act will not suffice to establish supervisory liability.") (citations omitted).

Here, Plaintiff only alleges that Lt. Morris failed to act after the incident, which is insufficient to establish section 1983 liability. Specifically, she alleges that "[s]ince Lt. Morris was the only responding shift command, he became the person in charge of everything such as ensuring Plaintiff's safety . . . ." (ECF No. 1, PageID.49.) Plaintiff further alleges that his various failures to ensure that injury reports were completed, evidence was collected, misconducts were written, and investigations were carried out, among other things, constituted deliberate indifference. However, this laundry list merely details Lt. Morris "failure to act." Any assertion that a defendant failed to supervise an employee, should be vicariously liable for another's conduct, failed to investigate the incident, and/or did not properly respond to his complaints is insufficient to state a civil rights claim. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Because Plaintiff does not allege that Lt. Morris actively

8

engaged in unconstitutional conduct, he will be dismissed from this lawsuit.

Lastly, the Court finds that Plaintiff's claims against defendants Officer McLeod, RUM Jackson, and PC Bilesanmi for the failure to protect and deliberate indifference are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on those claims, she has pleaded sufficient facts to state such potential claims for relief.

## IV. CONCLUSION

The Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 with respect to defendants Inspector Nowak, Lt. Morris, and Assistant Deputy Allen. The Court also dismisses Plaintiff's claims based on MDOC policy violations. Accordingly, the Court **DISMISSES** those defendants and MDOC policy violation claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Additionally, the Court concludes that the Plaintiff's claims against defendants Officer McLeod, RUM Jackson, and PC Bilesanmi for the failure to protect and deliberate indifference survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

9

**SO ORDERED.**

                                                                 <u>s/F. Kay Behm</u>
                                                                 F. Kay Behm
                                                                 United States District Judge

Dated: August 14, 2023