UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSIE CONNER,

        Plaintiff,                              Case No. 4:22-cv-11965

v.                                                Honorable F. Kay Behm

OFFICER MCLEOD, et al,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION (ECF Nos. 17, 18) AND TO ALTER OR AMEND JUDGMENT (ECF No. 16)

**I.   PROCEDURAL HISTORY**

On August 14, 2023, the Court issued an opinion and order of partial summary dismissal, pursuant to its screening obligations under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (ECF No. 6). On August 21, 2023, the Court entered an order staying the case, referred the matter to the early meditation program, and directed Plaintiff to refrain from filing any motions while the case was stayed.  On April 23, 2024, the Court entered an order lifting the stay.  (ECF No. 12).  Before the Court are Plaintiff's motions for reconsideration of the August 14 order and to alter or amend judgment.  (ECF Nos. 16, 17, and 18).  For the reasons set forth below, Plaintiff's motions are **DENIED**.

## II.     ANALYSIS

Plaintiff has filed three motions related to her dissatisfaction with the Court's August 14, 2023 opinion and order partially dismissing the complaint. She has filed a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 16), which the Court construes as a motion for reconsideration.[1] In that motion, Plaintiff seeks to correct certain facts adopted in the Court's August 14 order and challenges the dismissal of defendants Nowak, Allen, and Morris. She also filed two identical motions for reconsideration challenging the Court's decision to dismiss defendants Nowak, Allen, and Morris. (ECF Nos. 17 and 18.) The Court understands that the motions filed under ECF Nos. 17 and 18 are duplicate filings, each postmarked on May 9, 2024; therefore, the Court will refer to them as one motion.

### A.     Timeliness

Plaintiff's motions for reconsideration are governed by Local Rule 7.1(h)(2). A motion for reconsideration of a non-final order must be filed within 14 days. *Id*. As an initial matter, Plaintiff's second motion for reconsideration, ECF Nos. 17 and 18, is untimely. Plaintiff had 14 days from the Court's August 14, 2023, order to file a motion for reconsideration. Prior to the Court's stay order, 7 days had

---

[1] Plaintiff brought this motion to alter or amend judgment under Rule 59(e), but Rule 59(e) only applies to final judgments. Because the Court did not enter a judgment in this case, Rule 59(e) is inapplicable.

2

passed. The Court lifted the stay on April 23, 2024. Plaintiff had 7 days from April 23rd or by April 30, 2024, to file her motion. Plaintiff signed and dated her motion on May 8, 2024—15 days later. Plaintiff's status as a pro se litigant does not affect the deadline imposed under Local Rule 7.1(h)(2). *See Bunting v. Hansen*, 2007 WL 1582236 (E.D. Mich. May 31, 2007) ("[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines.") (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Accordingly, the second motion (ECF Nos. 17 and 18) is untimely. The Court concludes that Plaintiff's first motion for reconsideration (ECF No. 16), signed and dated April 30, 2024, was timely filed under Local Rule 7.1(h)(2). Despite any timeliness issues, the Court will proceed to the merits of the motions.

    **B.    Merits**

Local Rule 7.1(h)(2) provides limited and narrow grounds on which the court may reconsider its non-final orders. Motions for reconsideration may only be brought on three grounds:

    (A)  The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

    (B)  An intervening change in controlling law warrants a different outcome; or

   (C)  New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)-(C).

In both motions, Plaintiff fails to show that any grounds listed in Local Rule 7.1(h)(2) provide relief. Plaintiff does not identify any intervening change in controlling law, or any new facts to warrant a different outcome. Rather, Plaintiff contends that the Court made a mistake in its application of the law to the facts when dismissing defendants Nowak, Allen, and Morris on the basis of supervisory liability and/or state law claims. Plaintiff has not persuaded the Court that it made a mistake by dismissing defendants Nowak, Allen, and Morris for the reasons stated in the Court's partial dismissal order. Plaintiff also identifies a litany of facts that she contends were mischaracterized by the Court. However, any correction of these facts would not affect the outcome of the Court's decision. Accordingly, the motions must be denied because Plaintiff has failed satisfy any of the requirements set forth in Local Rule 7.1(h)(2). The motions for reconsideration, ECF Nos. 16, 17 and 18, are **DENIED**.

      **SO ORDERED**.

Date:  February 28, 2025                    s/F. Kay Behm
                                              F. Kay Behm
                                              United States District Judge