UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSIE CONNER,

    Plaintiff,

v.

CARLETTA MCLEOD, *et al.*,

    Defendants.

_____/

Case No. 22-11965

Hon. F. Kay Behm
Hon. Patricia T. Morris

### ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 43)

On March 18, 2025, Magistrate Judge Patricia T. Morris issued a report and recommendation proposing that the court grant Defendants' motion for summary judgment and deny Plaintiff's motion to compel. Plaintiff filed objections, to which Defendants have responded.

### I.    Standard of Review

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

II.     **Factual Background**

Plaintiff Susie Conner alleges that three prison officials, Carletta McLeod, Stephanie Moses, and Adesola Bilesanmi, failed to protect her from another inmate, Faydra Sparks-Ross, who assaulted her. Plaintiff's claim arises under the Eighth Amendment, which requires prison "officials to take reasonable measures to guarantee the safety of the inmates." *Taylor v. Little*, 58 F. App'x 66, 67 (6th Cir. 2003) (citing *Farmer v. Brennen*, 511 U.S. 825, 832 (1994)). However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

The magistrate judge concluded that based upon the record, including a video recording and Plaintiff's admissions, the attack was unprovoked and McLeod had no prior warning that there was a substantial risk that Sparks-Ross would engage in an unprovoked assault. ECF No. 43 at PageID.596-97 ("Conner appears to concede that the attack was random and unexpected."); ECF No. 31-4 at PageID. 487-89 ("[W]e did not feel like she was going to do anything to us."). As for Moses and Bilesanmi, Conner alleges that they exposed her an unreasonable risk of harm by allowing Sparks-Ross to be housed in the same unit with her after the assault. The

magistrate judge determined that there was no evidence, however, that Moses and Bilesanmi knew of and disregarded any risk that Sparks-Ross presented to Conner. Accordingly, the magistrate judge concluded that Plaintiff cannot support her Eighth Amendment claims and recommends that the court grant summary judgment in favor of Defendants.[1] The magistrate judge further recommends that the court deny Plaintiff's motion to compel discovery.

### III. Analysis

#### A. Objection 1

Plaintiff objects to the magistrate judge's report and recommendation for several reasons.[2] Objection 1 involves the magistrate judge's recommendation to deny Plaintiff's motion to compel discovery. The magistrate judge stated that "it is highly unlikely that any additional discovery would affect the recommendation to grant Defendants' motion. Thus, if this R&R is adopted, the motion should be denied as moot. Moreover, Conner did not provide a copy of the relevant interrogatories as

---

[1] Although the magistrate judge recited the Rule 12(b)(6) standard, it is clear from her analysis that she reviewed Defendants' motion under the Rule 56 standard.

[2] Observing no timely objections in the record, the court initially accepted the report and recommendation on April 16, 2025. Plaintiff's objections were filed on April 15, 2025, and docketed on April 16, 2025. The court then vacated its order adopting the report and recommendation in favor of considering the merits of Plaintiff's objections. ECF No. 47.

3

required by Eastern District of Michigan Local Rule 37.2 and her motion is untimely." ECF No. 43 at PageID.586 n.1.

As noted by the magistrate judge, Plaintiff's motion to compel did not include a copy of her interrogatories as an attachment, as required by Local Rule 37.2. *See* ECF No. 35. The reason for requiring the discovery requests at issue to be attached to the motion to compel is that discovery material is not permitted to be filed as a matter of course. LR 26.2. Plaintiff states that she submitted her discovery requests to the court on other occasions, but that is not in compliance with the rules. *See Miller v. William Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024) (stating that "local rules carry 'the force of law'"). Objection 1 is not well taken.

### B. Objection 2

In Objection 2, Plaintiff argues that her motion to compel should have been granted and she takes issue with the magistrate judge's opinion that "it is highly unlikely that any additional discovery would affect the recommendation to grant Defendants' motion." Plaintiff lists the records she requested and what she believes they would show. ECF No. 46 at PageID. 608-11. However, these records are not alleged to demonstrate direct knowledge by Defendants that Plaintiff was likely to be assaulted by Sparks-Ross. Without evidence that Defendants knew of and disregarded

4

the risk to Plaintiff, she cannot sustain her Eighth Amendment claim. The magistrate judge assessed the evidence in the record, including the video, and determined that such evidence was lacking.

Further, Plaintiff did not raise the specifics of her discovery requests and what she believed they would show before the magistrate judge. The Magistrate Judge Act allows for *de novo* review of objections to a magistrate judge's decision; it does not, however, "allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000).

Another reason that the magistrate judge recommended that Plaintiff's motion to compel be denied was that it was untimely filed after the deadline set forth in the scheduling order. *See* ECF No. 23 (discovery to be completed and discovery motions filed by November 8, 2024). The discovery requests themselves were also untimely, as they were mailed the day before the close of discovery. *See Drahuse v. Fed. Home Loan Mortg. Corp.*, No. 10-14117, 2011 WL 4088170, at *2 (E.D. Mich. Sept. 14, 2011) ("Federal courts have found that discovery must be served upon a party so that the receiving party has enough time to respond, as provided for in the Federal Rules, otherwise, the discovery requests are untimely."). Based upon the untimeliness of the motion, the untimely nature of the requests

5

themselves, and Plaintiff's failure to comply with the local rules, Plaintiff's motion to compel is properly denied. See *McCallum v. Michigan Dep't of Corr.*, No. 17-2042, 2018 WL 4203401, at *2 (6th Cir. May 24, 2018) (court did not abuse its discretion in denying untimely motion to compel).

### C. Objection 3

Plaintiff's third objection is that the magistrate judge "made a decision without all the facts and evidence in this case." ECF No. 46 at PageID.611. Plaintiff faults Defendants for not providing additional information, such as witness statements or depositions, additional video footage, or documents. However, it is Plaintiff's burden, not Defendants', to respond to a properly supported motion for summary judgment by setting forth "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party opposing a motion for summary judgment must make an affirmative showing with proper evidence and to do so must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F. Supp.2d 905, 910 (E.D. Mich. 2004). The magistrate judge did not err by placing the evidentiary burden on Plaintiff to prove her case or demonstrate that a genuine issue of material fact remained for trial.

D. Objection 4

Plaintiff further objects to the magistrate judge's conclusion that she did not satisfy the subjective element of her Eighth Amendment claim against Bilesanmi. Plaintiff claims that Bilesanmi knew that she had been assaulted by Sparks-Ross and did nothing to protect her once Sparks-Ross was moved into her housing unit months later. However, the evidence does not support Plaintiff's contention that Bilesanmi knew of and disregarded "an excessive risk" to Plaintiff. *Farmer*, 511 U.S. at 837. Bilesanmi was a prison counselor who did not have the authority to make prison housing unit moves. ECF No. 31-6. There was no directive that Sparks-Ross and Plaintiff could not be housed in the same unit. Assuming Plaintiff told Bilesanmi that Sparks-Ross had previously assaulted her, it does not follow that Bilesanmi knew that they could not be housed in the same unit or that they had an ongoing conflict such that Sparks-Ross was likely to assault Plaintiff again. Moreover, Plaintiff and Sparks-Ross were in the same unit for less than two weeks, they did not cross paths during that time, and Plaintiff was not injured. Under the circumstances, Plaintiff cannot satisfy the demanding deliberate indifference standard. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005) (deliberate indifference requires a "degree of culpability greater than mere negligence, but less than 'acts or

7

omissions for the very purpose of causing harm or with knowledge that harm will result.' The prison official's state of mind must evince 'deliberateness tantamount to intent to punish.'") (citations omitted).

IV. **Conclusion**

It is **ORDERED** that Plaintiff's objections are **OVERRULED** and Magistrate Judge Morris's March 18, 2025 report and recommendation (ECF No. 43) is **ADOPTED** as the order of the court.

It is further **ORDERED** that Defendants' motion for summary judgment (ECF No. 31) is **GRANTED** and Plaintiff's motion to compel (ECF No. 35) is **DENIED.** Plaintiff's motion for reconsideration (ECF No. 49) of the court's original order adopting the report and recommendation (ECF No. 44) is **DENIED AS MOOT**, as that order was vacated on April 25, 2025 (ECF No. 47).

**SO ORDERED.**

Dated: July 17, 2025
s/F. Kay Behm
F. Kay Behm
United States District Judge